IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR. NO. 1:16cr77-SRW |
| | ) |
| HAROLD LAVERNE DAVIS | ) |

## ORDER AND JUDGMENT OF ACQUITTAL

At the close of the government's case, defendant made an oral motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29. As explained on the record at trial, for the reasons stated below the motion is due to be GRANTED.

The information charges that defendant "willfully violated a defense property security regulation by introducing a firearm onto Fort Rucker in violation of a regulation prohibiting introduction of a firearm onto Fort Rucker without specific approval of the installation commander, in violation of Title 50, United States Code, Section 797." (Doc. 1). A "property security regulation" is a "regulation – relating to fire hazards, fire protection, lighting, machinery, guard service, disrepair, disuse, or other unsatisfactory conditions on such property, or the ingress thereto or egress or removal of persons therefrom; or . . . otherwise providing for safeguarding such property against destruction, loss, or injury by accident or by enemy action, sabotage, or other subversive actions." 50 U.S.C. § 797(a)(3)(A-B).

The statute further defines a "defense property security regulation" as a "property security regulation that, pursuant to lawful authority – *shall be or has been promulgated*

*or approved by the Secretary of Defense (or by a military commander designated by the Secretary of Defense or by a military officer, or a civilian officer or employee of the Department of Defense, holding a senior Department of Defense director position designated by the Secretary of Defense) for the protection or security of Department of Defense property; or ... shall be or has been promulgated or approved by the Administrator of the National Aeronautics and Space Administration for the protection or security of NASA property.* 50 U.S.C. § 797(a)(2)(A-B) (emphasis added).

Thus, it was the burden of the government to show, first, that there existed a "defense property security regulation" – defined and promulgated as set forth in the statute – and second, that defendant willfully violated this defense property security regulation. The government failed to meet the first of these burdens. Accordingly, it is

ORDERED that defendant is hereby acquitted and discharged, and any bond exonerated.

DONE, on this the 7th day of December, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge